Robert B. GHOLSTON, Appellant,

v.

Otto C. BOLES, Warden, West Virginia
State Penitentiary, Appellee.

No. 8619.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1962.

Decided June 15, 1962.

Jolyon W. McCamic and Frederick P.
Stamp, Jr., Wheeling, W. Va., Court-
assigned counsel, for appellant.

Andrew J. Goodwin, Asst. Atty. Gen.,
of West Virginia, (C. Donald Robertson,
Atty. Gen., of West Virginia, on the
brief), for appellee.

Before SOPER, HAYNSWORTH and
BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This state court prisoner, by means of
a writ of habeas corpus in the federal
court, seeks federal construction of a
state statute. If the state statute means
what the prisoner says it means, his com-
mitment was invalid as a matter of state
law, for the statute gave the committing
court no power to revoke the prisoner's
probation at the time the court purport-
ed to do so. Thus, he says, the question
is one of jurisdiction of the state court.
If the question be catalogued as juris-
dictional, however, it arises solely under
state law. There is no question of West
Virginia's constitutional power, through
her courts, to commit this prisoner as a
probation violator.

On October 15, 1956, the prisoner was
convicted in West Virginia of breaking
and entering. An indeterminate sen-
tence of one to ten years was imposed,
but was suspended, and the defendant
was placed on probation for three years.
Two months later he violated his proba-
tion by leaving the State of West Vir-
ginia and going to New York. In Janu-
ary 1957, the West Virginia court or-
dered his arrest as a probation violator.
In July 1959, before the West Virginia
arrest warrant was served, Gholston was
arrested in New York and was subse-
quently tried and convicted there on
charges of grand larceny and burglary.

He was imprisoned in New York until November 21, 1960 when he was paroled by New York and released to West Virginia authorities.

After a hearing, held on December 9, 1960 in the sentencing court in West Virginia, the court ordered his probation revoked and his commitment under the original sentence imposed on October 15, 1956.

■ Gholston has exhausted his state court remedies. These were initiated by his filing a petition for a writ of habeas corpus in the Supreme Court of West Virginia. He contended there that his commitment was invalid because the warrant for his arrest as a probation violator, though issued during the probationary period, was not executed and his commitment was not ordered until after the probationary period had expired.

That is the same contention he tenders here.

There is no dispute about the facts. Beyond question, the warrant for his arrest, as a probation violator, was issued before expiration of the probationary period. It is equally plain that the warrant was not executed until after the three year probationary period had expired, and the trial court only thereafter ordered revocation of probation and the prisoner's commitment.

When West Virginia's highest court denied his petition for habeas corpus, without an opinion, it must have construed West Virginia's statutes as authorizing the commitment after the expiration of the probationary period. The statute [1] appears readily susceptible to that construction. It is true that the statutes of some states expressly provide for this situation, while that of West Virginia does not. Statutes similar to West Virginia's however, have been construed as authorizing commitment of a probation violator, after expiration of the probationary period, provided the revocation proceeding was initiated during the probationary period.[2] Indeed, such statutes would appear perverted if so construed that a probationer could flee the jurisdiction and immunize himself from all consequences of his violation of his probation if successful in avoiding execution of an arrest warrant until the original probationary period had expired.

■ It is not for us to interpret West Virginia's statute, however. Her interpretation, implicit in the denial by her highest court of this prisoner's petition for habeas corpus, is binding upon us. If we found fault with that interpretation, as the prisoner contends we should, we would still be required to accept it.

There is no contention here that West Virginia could not constitutionally pro-

1. Code of West Virginia, 1961, as amended, Ch. 62, Art. 12, § 10:
"If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his probation, the probation officer may arrest him with or without an order or warrant, or the court which placed him on probation, or the judge thereof in vacation, may issue an order for his arrest, whereupon he shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing. If it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed. In computing the period for which the offender is to be imprisoned, the time between his release on probation and his arrest shall not be taken to be any part of the term of his sentence. If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation."

2. Lovell v. State, 223 S.C. 112, 74 S.E.2d 570; State ex rel. Lee v. Coker, Fla., 80 So.2d 462; and see Dillingham v. United States, 5 Cir., 76 F.2d 35; United States ex rel. Tomasella v. Smith, D.C.E.D.Pa., 50 F.Supp. 464.

vide for the commitment of a probation violator under the circumstances here. The only contention is that West Virginia's legislature has not done what it constitutionally might have done. That is not a federal question and, since it appears to have been decided by the Supreme Court of West Virginia upon the petition of this very prisoner, the District Judge was clearly correct in dismissing this petition for a writ of habeas corpus.

Affirmed.