STATE OF WEST VIRGINIA *ex rel.* STERLING DOY STRICKLAND

*v.*

G. KEMP MELTON, *Sheriff* OF KANAWHA COUNTY, WEST VIRGINIA

(No. 12773)

Submitted October 29, 1968.    Decided December 10, 1968.

Dissenting in Part and Concurring in Part December 13, 1968.

*Weaver & Daugherty, George A. Daugherty,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis, Morton I. Taber,* Assistant Attorneys General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding instituted in this Court the petitioner, Sterling Doy Strickland, seeks a writ to require the defendant, G. Kemp Melton, Sheriff of Kanawha County, West Virginia, to release him from the jail of Kanawha County, West Virginia, where he is confined in the custody of the defendant awaiting execution of two concurrent sentences of confinement in the penitenti-

ary of this State imposed by the Intermediate Court of Kanawha County.

This Court, on October 15, 1968, issued a writ returnable October 22, 1968, and on October 29, 1968 this proceeding was submitted for decision upon the petition and its exhibits, the return and the demurrer of the defendant, and the briefs and the oral arguments of counsel for the respective parties.

The material facts are undisputed and the questions presented for decision are questions of law.

At the Regular January Term 1964 of the Intermediate Court of Kanawha County, West Virginia, the grand jury returned an indictment, No. 101, against the petitioner, who at that time was seventeen years of age, for the crime of forcible rape. On January 24, 1964, the petitioner appeared in that court in person and by counsel and entered a plea of guilty to the indictment. By order entered February 10, 1964, he was delivered to the director of the West Virginia Department of Mental Health for pre-sentence social, physical and mental examination and was committed to the Weston State Hospital, at Weston, West Virginia, for that purpose. On July 2, 1964, he again appeared in court in person and by order of that date, which is silent with respect to whether he was represented by counsel, imposition of sentence was suspended and he was placed on probation for a period of three years subject to certain stated conditions.

While the petitioner was on probation he was again indicted by a grand jury of the Intermediate Court of Kanawha County for the crime of grand larceny. Having pleaded guilty to the indictment the petitioner was brought before the court on May 21, 1965, his probation of July 2, 1964 was revoked and he was sentenced upon his conviction for forcible rape of January 24, 1964 to confinement in the State penitentiary for an indeterminate term of five years to twenty years with credit for the 229 days spent in jail.

Later during the same day that probation was revoked the petitioner was sentenced to serve an indeterminate term

of one year to ten years upon his grand larceny conviction which sentence was to run concurrently with the sentence imposed earlier that day upon the petitioner upon his conviction for forcible rape with credit for the time of his confinement in jail.

The record of both proceedings on May 21, 1965 is silent with respect to representation of the petitioner by counsel.

Three years later, on April 20, 1968, the petitioner instituted a habeas corpus proceeding in the Circuit Court of Kanawha County, West Virginia. In his original petition he alleged that he was denied the assistance of counsel on July 2, 1964 when he was placed on probation; that he was denied the assistance of counsel at the hearing at which his probation was revoked on May 21, 1965; and that his plea of guilty to the charge of rape was involuntary. He also filed a supplemental petition in the habeas corpus proceeding, in which he alleged that in entering his plea of guilty to the indictment for rape he was required to bargain for justice and denied his right to a trial by jury in violation of due process of law. The circuit court awarded the writ and on May 27, 1968, the proceeding was heard. The circuit court made no detailed finding of facts or conclusions of law as required by Section 7 (c), Article 4A, Chapter 53, Code, 1931, as amended, but made a general finding that the petitioner's detention was unlawful and by order provided that the intermediate court take further action in a constitutionally permissible manner within sixty days or discharge him from his confinement. No appeal was taken from the final order of the circuit court entered May 29, 1968.

On August 22, 1968, after overruling the petitioner's motion for immediate discharge and his objection to any re-sentencing, the intermediate court set aside the original sentence imposed upon him on May 21, 1965 and re-sentenced him to an indeterminate term of five years to twenty years in the penitentiary of this State and provided that such sentence should run concurrently with the sentence imposed by that court for the crime of grand larceny imposed

upon the petitioner on May 21, 1965. No appeal was taken from the judgment which re-sentenced the petitioner to confinement in the penitentiary upon the indictment for forcible rape but instead of an appeal the petitioner instituted this original proceeding in this Court.

The petitioner seeks relief in this proceeding on substantially these grounds: (1) He was denied the assistance of counsel when his probation was revoked and he was sentenced to confinement in the penitentiary of this State on May 21, 1965; (2) the judgment of the circuit court in the habeas corpus proceeding that the petitioner was illegally restrained of his liberty constituted res judicata and entitled him to release from confinement; and (3) the intermediate court was without authority to re-sentence him to confinement in the penitentiary after the expiration of his three year period of probation and that such re-sentence is void. He also contends that the sentence is void because he was required to bargain for justice in violation of due process of law when he entered his plea of guilty to the indictment for the crime of forcible rape.

On the contrary the defendant Melton, Sheriff, asserts, in substance, that as the revocation of the probation of the petitioner on May 21, 1965 occurred during the three year period of such probation the action of the intermediate court in re-sentencing the petitioner was valid and that if such action was not valid the petitioner should be remanded for a new probation revocation hearing at which he would be entitled to the assistance of counsel and upon revocation of his probation at such hearing the intermediate court could re-sentence him in the manner provided by the applicable statute governing the crime of rape.

Although in his original petition in the habeas corpus proceeding in the Circuit Court of Kanawha County the petitioner attacked the validity of the probation granted him on July 2, 1964 because he did not then have the assistance of counsel, he has waived that right in this proceeding. This he may do at any time. The constitutional right of a defendant in a criminal case to the assistance of

counsel may be waived by such defendant at any time, before, at or after the trial of the case. In *Wells* v. *Stallings,* 253 F. Supp. 748, a habeas corpus proceeding in the United States District Court for the Eastern District of North Carolina, the opinion contains this language: "Unquestionably, rights secured to criminal defendants by the United States Constitution can be waived. The waiver can apply to rights that attach *before, at,* and *after* the trial proper." See *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159; *Caldwell* v. *Hunter,* 163 F. 2d 181, 10th cir., certiorari denied, 333 U. S. 847, 68 S. Ct. 649, 92 L. Ed. 1130. Any right which the petitioner may have had to the assistance of counsel when he was placed on probation has been waived and the validity of such probation is not impaired or affected by reason of the absence of counsel at the time the probation was granted. It was, however, not necessary that the petitioner should waive his right to counsel when he was granted probation for the reason that when probation is granted its validity is not affected by the presence or absence of counsel for the person who is placed on probation. Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime. See *Escoe* v. *Zerbst,* 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566; *Burns* v. *United States,* 287 U. S. 216, 53 S. Ct. 154, 77 L. Ed. 266; *Hamrick* v. *Boles,* 231 F. Supp. 507. In the *Escoe* case, a habeas corpus proceeding, the Supreme Court of the United States said that "Probation or suspension of sentence comes as an act of grace to one convicted of a crime," and held that the revocation of probation without the hearing provided by a federal statute "is invalid for defect of power, and that, the suspension still continuing, the petitioner is entitled to be discharged from his confinement. * * * without prejudice to his arrest and commitment as a result of subsequent proceedings conforming to the statute." In the *Hamrick* case the court said in its opinion that probation or suspension of sentence comes as an act of grace to one convicted of crime, that such person has already had his day in court,

and that probation is simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.

Though the petitioner was not entitled to be represented by counsel when he was placed on probation on July 2, 1964, he was entitled to the assistance of counsel at the hearing on May 21, 1965 when his probation was revoked and he was originally sentenced to confinement in the penitentiary for an indeterminate period of five years to twenty years under the indictment for forcible rape. *Mempa* v. *Rhay*, 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336; *Ashworth* v. *United States*, 391 F. 2d 245 (6th cir.); *Gideon* v. *Wainwright*, 272 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 793; *Hamilton* v. *Alabama*, 368 U. S. 52, 83 S. Ct. 157, 7 L. Ed. 2d 114; *Moore* v. *Michigan*, 355 U. S. 155, 78 S. Ct. 191, 2 L. Ed. 2d 167; *Townsend* v. *Burke*, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690; *Powell* v. *Alabama*, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; *State ex rel. May* v. *Boles*, 149 W. Va. 155, 139 S. E. 2d 177. In the *May* case this Court held that "a state conviction can not stand when founded on a guilty plea by a defendant unaware of his right to counsel or on a record silent as to the matter of assistance of counsel" and that a sentence upon such conviction is void. As the record is silent on the question of the presence of counsel it can not be presumed that the petitioner was afforded the assistance of counsel or that he waived that right. *Carnley* v. *Cochran*, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *State ex rel. Smith* v. *Boles*, 150 W. Va. 1, 146 S. E. 2d 585; *State ex rel. Bullett* v. *Boles*, 149 W. Va. 700, 143 S. E. 2d 133; *State ex rel. Massey* v. *Boles*, 149 W. Va. 292, 140 S. E. 2d 608; *State ex rel. Pettery* v. *Boles*, 149 W. Va. 379, 141 S. E. 2d 80; *State ex rel. Arbraugh* v. *Boles*, 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Browning* v. *Boles*, 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Stumbo* v. *Boles*, 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Hicklin* v. *Boles*, 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. May* v. *Boles*, 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Powers* v. *Boles*, 149 W. Va. 6, 138 S. E. 2d 159.

In the consolidated habeas corpus proceedings of *Mempa* v. *Rhay* and *Walkling* v. *Washington State Board of Prison Terms and Paroles*, Nos. 16 and 22, 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336, the petitioner Rhay in case No. 16 was convicted upon his plea of guilty entered with the advice of court-appointed counsel in the Superior Court of Spokane County, Washington, of the offense of "joyriding." He was placed on probation for two years and the imposition of sentence was deferred pursuant to Washington statute. Later at a hearing in which the petitioner was not represented by counsel, the trial court revoked his probation and sentenced him to the maximum sentence of ten years, as required by Washington law, but with a recommendation to the parole board that he be required to serve only one year. His petition for habeas corpus, based on denial of his right to counsel, was denied by the Supreme Court of Washington. The petitioner Walkling in case No. 22 was convicted upon his plea of guilty entered with the advice of his retained counsel in the Superior Court of Thurston County, Washington, of the offense of burglary in the second degree. He was placed on probation for three years and the imposition of sentence was deferred. Subsequently at a hearing conducted in the absence of his retained counsel the trial court revoked his probation and imposed a maximum sentence of fifteen years. His petition for habeas corpus, based on denial of his right to counsel at the probation revocation and sentencing proceeding, was denied by the Supreme Court of Washington. On writs of certiorari, the Supreme Court of the United States reversed the judgments and in a unanimous opinion delivered by Justice Marshall held that as a matter of federal constitutional law a lawyer must be afforded the defendant at proceedings at which probation was revoked and deferred sentencing was imposed, whether such proceeding be labeled a revocation of probation or a deferred sentencing. In the opinion the court said: "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected.", and that "a lawyer must be afforded at this proceeding whether

it be labeled a revocation of probation or a deferred sentencing."

In *Ashworth* v. *United States*, 391 F. 2d 245 (6th cir.), following the decision in the *Mempa* case, the United States Court of Appeals of the Sixth Circuit held that the failure to appoint counsel during probation revocation hearings required vacation of the sentence imposed by the trial court. In that case it appeared that on October 25, 1961 Ashworth was convicted in the United States District Court on a plea of guilty for the offense of transporting a stolen motor vehicle in interstate commerce. He was given credit for eighty-six days which he had spent in jail awaiting trial, further jail sentence was suspended, and he was placed on probation for a period of two years. On May 14, 1962 he was convicted of a felony in a Tennessee state court and sentenced to a term of three years to six years in the state penitentiary. On August 10, 1966, after his release, he appeared in the United States District Court for violation of probation, at which time his probation was continued for a period of one year. On April 14, 1967, he was again taken into custody for violation of probation and on May 8 of that year his probation was revoked and he was sentenced to prison for a period of eighteen months. In discussing his contention that the revocation of his probation was void because he was not represented by counsel during the probation revocation proceedings the court said: "In *Mempa* v. *Rhay,* 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967), a case involving revocation of probation by the State of Washington, the Supreme Court held that counsel must be provided at revocation proceedings. Among the factors cited by the Court in support of its holding was the importance of counsel in presenting evidence to the court as to the length of sentence which might appropriately be imposed on the probation violator. The Court observed that although a Washington judge is required by statute to impose the maximum sentence, the judge's recommendation carries great weight with the prison authorities who actually determine the length of the sentence. The advice of counsel would appear to be of even greater significance in

a federal court, where the judge himself has broad discretion in determining the length of the sentence."

Though the consolidated cases of Mempa and Walkling were based upon the right of the accused under the Washington statute relating to sentencing and probation, which differs in several respects from the applicable statute of this State, it is clear from the reasoning of the court that a criminal defendant on probation as to whom sentence has been deferred, as in the case at bar, is entitled to the assistance of counsel at any hearing at which his probation is revoked for the reason that when probation is revoked the convicted person, who has been freed from confinement subject to specific restrictions, is deprived of such freedom when his probation is revoked. After such revocation, instead of enjoying restricted freedom, he is deprived of his freedom and subjected to confinement in prison for the period provided by the sentence of confinement. The reasoning of the court in the *Mempa* and *Walkling* cases indicates clearly that the criminal defendant is entitled to the assistance of counsel at any proceeding at which his probation is revoked.

The defendant in the brief of his able counsel in this proceeding concedes that a defendant charged with a felony has the right to the assistance of counsel at all stages of the proceeding and to be represented by counsel at a probation revocation hearing and that the failure to appoint counsel during a probation revocation hearing requires vacation of the sentence imposed when probation has been revoked in the absence of counsel for the probationer.

Under the above cited authorities it is clear that the action of the intermediate court in revoking the probation of the petitioner and in sentencing him to confinement of five years to twenty years on May 21, 1965 was invalid and such revocation and sentence were and each of them was void. They were so considered and so held by the Circuit Court of Kanawha County in the habeas corpus proceeding and by the Intermediate Court of Kanawha County when by its judgment of August 22, 1968, it set aside its original sen-

tence and re-sentenced the petitioner to confinement in the penitentiary for the indeterminate period of five years to twenty years. Revocation of probation and the imposition after such revocation of a sentence of confinement in the penitentiary at a hearing at which a criminal defendant was without the assistance of counsel are void in the absence of a waiver by such defendant of his right to the assistance of counsel; and the enforcement of such revocation and sentence will be prevented in a habeas corpus proceeding.

As there was no valid revocation of the three year period of probation of the petitioner the probation granted him on July 2, 1964 continued in full force and effect until the expiration of the three year period in July 1967; and it is the contention of the petitioner that by virtue of Section 11, Article 12, Chapter 62, Code, 1931, as amended, he could not be re-sentenced by the intermediate court on August 22, 1968, which was after the expiration of the three year period of his probation. Section 11 of the statute, to the extent here pertinent, provides that "The period of probation together with any extension thereof shall not exceed five years. Upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his probation, and the court may thereupon discharge the probationer or extend the probation period." It does not appear from the record that the period of probation of the petitioner was ever extended beyond the three year period.

In *Hamrick v. Boles*, 231 F. Supp. 507, decided by the District Court of the United States for the Northern District of West Virginia in 1964, the court held that the petitioner in that case was denied the equal protection afforded by the Fourteenth Amendment when his probation was revoked and he was returned to prison without the summary hearing provided for in Section 10, Article 12, Chapter 62, Code, 1931, as amended. In that case it appeared that the petitioner, upon his plea of guilty, was convicted of malicious and felonious wounding in the Circuit Court of Mingo County, West Virginia, on September 23, 1957. He was

sentenced to the penitentiary for an indeterminate period of two years to ten years but subsequently the execution of this sentence was suspended and he was placed on probation for a period of five years. While on probation, on November 15, 1958, he was arrested in Greenbrier County, West Virginia, and was there tried before a justice of the peace and found guilty of the offense of driving while intoxicated and sentenced to sixty days in jail. He was also under suspicion in that county of having committed breaking and entering or larceny. The sheriff of Greenbrier County informed the probation officer of Mingo County of the situation. He discussed it with the Judge of the Circuit Court of Mingo County, who ordered the probation revoked and then directed the probation officer to take the petitioner from Greenbrier County to the West Virginia Penitentiary to serve his sentence and the officer took him to the penitentiary for that purpose. No question of the right of a defendant in a criminal case to the assistance of counsel was involved in the *Hamrick* case but that decision is authority for the proposition that when probation is revoked without a hearing, as required by Section 10, Article 12, Chapter 62, Code, 1931, as amended, the person whose probation has not been validly revoked may not be sentenced in connection with the offense with respect to which he was placed on probation after the expiration of the probationary period. In discussing that question the court said: "Ordinarily, it would be proper to order release, conditioned upon the State's providing the petitioner with the hearing which was denied him. Since the probation revocation order and the commitment must be declared void *ab initio*, the petitioner has remained in the position of a probationer, and, his probationary period having expired, and since no formal charge of probation violation was filed and no warrant was issued therefor during the probationary period, he is entitled to his freedom from confinement, and even from supervision." This Court agrees with the view thus expressed and holds that inasmuch as the valid probationary period had expired before the intermediate court re-sentenced the petitioner on August 22, 1968, the sentence

then imposed was void, and the petitioner is entitled to be released from confinement under such void sentence. A probationer who at all times during the period of his valid probation has been available for the service of process of the court which granted such probation and set aside the sentence of imprisonment for the offense of which he was convicted may not again be sentenced for such offense after the expiration of his probationary period.

The defendant contends that the intermediate court has the authority to conduct a new hearing to revoke the probation of the petitioner after the expiration of the three year period and in support of that contention cites the case of *Gholston* v. *Boles,* 305 F. 2d 162, decided by the United States Court of Appeals of the Fourth Circuit in 1962. This contention is devoid of merit. In the *Gholston* case it appears that on October 15, 1956 the petitioner was convicted in a court of this State of the offense of breaking and entering; that an indeterminate sentence of one year to ten years was imposed but suspended; and that he was placed on probation for three years. Later he violated his probation by leaving the State of West Virginia and going to the State of New York. In January 1957 the court which placed him on probation ordered his arrest as a probation violator. In July 1959 before the warrant for his arrest was served he was arrested in the State of New York and tried and convicted in that state for the offenses of grand larceny and burglary. He was imprisoned in New York until November 1960 when he was paroled and released to the West Virginia authorities. After a hearing on December 9, 1960, the court in which he was originally convicted and sentenced ordered his probation revoked and his commitment under the original sentence imposed on October 15, 1956. After this action by the trial court he filed a petition for a writ of habeas corpus in this Court in which he contended that his commitment was invalid because the warrant for his arrest as a probation violator, though issued during the probationary period, was not executed and his commitment was not ordered until the expiration of the probationary period. This Court denied his petition without opinion and

subsequently he instituted a habeas corpus proceeding in the District Court of the United States for the Northern District of West Virginia and his petition having been dismissed by that court he obtained an appeal from the United State Court of Appeals of the Fourth Circuit. Upon appeal that court affirmed the dismissal by the district court for stated reasons, one of which was that no federal question was involved. In considering the contention of the petitioner in that proceeding that the commitment to serve the sentence originally imposed was invalid because the court was without power to revoke his probation after the expiration of the probationary period, the court undertook to interpret the statute which provides for a revocation hearing so as to authorize the court to revoke the probation after the expiration of the probationary period if the warrant of arrest in connection with such hearing was issued before the expiration of the probationary period. With respect to that question the court said: "When West Virginia's highest court denied his petition for habeas corpus, without an opinion, it must have construed West Virginia's statute as authorizing the commitment after the expiration of the probationary period."

This Court disagrees with the foregoing statement and does not recognize or adopt the interpretation placed upon the statute, Section 10, Article 12, Chapter 62, Code, 1931, as amended, by that court; and this Court is not bound by and is not required to adhere to such interpretation. The specific question whether probation may be revoked and sentence imposed or directed to be executed after the expiration of a valid probationary period has not been determined or the statute in question interpreted by any prior decision of this Court; and no previous opinion of this Court has discussed or dealt with that particular subject. In now holding that such action may not be taken after the expiration of a valid probationary period it is emphasized that such holding has no application to a situation such as that mentioned in the opinion in the *Gholston* case in which a probationer should flee from the jurisdiction of the court and succeed in avoiding the execution of a warrant of ar-

rest until after the expiration of the probationary period. That particular question is not before this Court in the case at bar; and it will not, of course, be considered or decided until it is presented to this Court for decision in a proper proceeding. In that connection it should be mentioned that the *Gholston* case is distinguishable from the case at bar because of the procedural differences in the two cases. In the case at bar the only warrant was the warrant with respect to which the invalid revocation of probation was ordered and, unlike the *Gholston* case, no undisposed of warrant was ever issued during the probationary period, although the petitioner was at all times within the jurisdiction of the trial court. The warrant considered in the *Gholston* case was issued within the probationary period but was not acted upon and revocation of probation was not ordered because the probationer was beyond the jurisdiction of the court and absent from this State until after the probationary period had expired.

The petitioner cites and relies on the case of *United States* v. *Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138, in support of his contention that in entering his plea of guilty to the indictment for forcible rape on January 24, 1964, he was denied due process of law because, to escape the risk of the imposition of the death penalty upon a verdict of guilty by a jury, he was required to bargain for justice and that in consequence his plea of guilty was a coerced plea. There is no merit in this contention. The holding in the *Jackson* case is readily distinguishable from the case at bar because of the material difference between the criminal statute involved in the *Jackson* case and the statute dealing with the crime of forcible rape which was in effect at the time of the commission of the offense for which the petitioner was indicted and which applies to and governs that offense. See *State ex rel. Rucker* v. *Boles,* 149 W. Va. 190, 139 S. E. 2d 265; *State ex rel. Truslow* v. *Boles,* 148 W. Va. 707, 137 S. E. 2d 235, certiorari denied, 382 U. S. 970, 86 S. Ct. 581, 15 L. Ed. 2d 489; *State* v. *Fisher,* 126 W. Va. 117, 27 S. E. 2d 581; 5 M. J., Criminal Procedure, Section 84. See also Section 8, Article 2, Chapter 2, Code, 1931. In the *Jack-*

*son* case the court held that the death penalty clause of the federal kidnapping statute was unconstitutional on the ground that the statute authorized the jury, and only the jury, to return a verdict of death, and for that reason made the risk of death the price for the assertion by the defendant of his right to a jury trial. In the *Jackson* case the court expressly pointed out that under the federal kidnapping statute there was no discretion in the trial judge to impose the death penalty. The reasoning and the holding of the court in that case have no application to the statute governing the crime of rape in effect when the offense to which the petitioner pleaded guilty was committed. Under the statute then in force and which was still in effect when the plea of guilty was entered by the petitioner on January 24, 1964, the punishment by death or life imprisonment was within the discretion of the trial court, not the jury, and a jury verdict of guilty without recommendation for mercy did not impose upon the trial court the mandatory duty of sentencing the defendant to death; and if a jury verdict contained such recommendation the mandatory sentence was not death, but confinement in the penitentiary for not less than five years nor more than twenty years. Entirely unlike the federal kidnapping statute, the statute governing the crime of rape in effect when such crime was committed, provided, to the extent here pertinent, that a person guilty of that crime upon conviction "shall be punished with death or with confinement in the penitentiary for life, in the discretion of the court, or, if the jury add to its verdict a recommendation for mercy, with confinement in the penitentiary for not less than five nor more than twenty years:". Section 15, Article 2, Chapter 61, Code, 1931, as amended, before its amendment in 1965. It should be noted that the present statute, as amended in 1965, contains the proviso that if the accused pleads guilty the court may, in its discretion, impose a sentence of confinement in the penitentiary for not less than ten years nor more than twenty years; but as so amended it does not apply to the offense to which the petitioner entered his plea of guilty on January 24, 1964. Under the statute, before the 1965 amend-

ment, the trial judge, unlike the trial judge under the federal statute, had the same authority to impose a sentence of death or life imprisonment upon a plea of guilty as he had to impose either of such sentences upon the finding of guilty without recommendation for mercy by the verdict of a jury. Under the applicable statute the sentence imposed by the intermediate court upon the indictment for forcible rape was void, not because of any bargaining for justice by the petitioner in entering his plea but because the only valid sentence which the court could then impose in the absence of a jury verdict with recommendation for mercy was death or imprisonment for life. See *State* v. *Beacraft,* 126 W. Va. 895, 30 S. E. 2d 541. In that case, on appeal, this Court said that under the rape statute then in effect the period of confinement in the penitentiary upon a verdict of guilty by the jury with recommendation for mercy should be a fixed period of not less than five years nor more than twenty years and set aside an indeterminate sentence of not less than five years nor more than twenty years and remanded the case to the trial court for the imposition of a valid sentence.

As to the conviction of the petitioner on his plea of guilty and the sentence of one year to ten years imposed by the intermediate court May 21, 1965, the judgment order is silent with respect to any assistance of counsel when his plea of guilty was entered and sentence was imposed, and there is no showing in the record before this Court in this proceeding that he was at any time represented by counsel. For that reason the sentence imposed by the intermediate court of one year to ten years upon the indictment against the petitioner for grand larceny is void and its enforcement will be and it is prevented in this habeas corpus proceeding. *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177. "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." Point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851. "A person imprisoned under a void sentence will be released from such impris-

onment by a writ of habeas corpus." Point 8, syllabus, *State ex rel. Boner* v. *Boles*, 148 W. Va. 802, 137 S. E. 2d 418.

For the reasons set forth in this opinion, the petitioner is entitled to be and he is hereby released from confinement under the sentence of five years to twenty years imposed by the intermediate court on August 22, 1968, upon the indictment for forcible rape, No. 101, and such sentence is declared to be void and unenforceable; and the petitioner is also released from confinement under the sentence of one year to ten years, also imposed upon him by the intermediate court, and such sentence is held to be void and unenforceable. But the discharge of the petitioner from his present confinement under the indictment against him for grand larceny, No. 272, is without prejudice to the right of the State to take further proceedings against him under such indictment in a constitutionally permissible manner within a period of thirty days from this date.

> *Writ awarded; prisoner discharged*
> *without prejudice to the right of*
> *the State to take further proceed-*
> *ings against him under indictment*
> *No. 272 in a constitutionally per-*
> *missible manner within thirty days.*

BERRY, PRESIDENT, dissenting in part and concurring in part:

I dissent from the statement contained in the majority opinion that: "The reasoning of the court in the *Mempa* and *Walkling* cases indicates clearly that the criminal defendant is entitled to the assistance of counsel at any proceeding at which his probation is revoked." Apparently, the majority opinion rests the disposition of this case on this statement which will govern all future cases where the criminal defendant did not have the assistance of counsel at the time his probation was revoked regardless of whether sentence had been previously imposed and the criminal trial completed or where the imposition of sentence had been suspended until after the revocation of probation.

It is true that in the instant case sentence was not imposed until after the revocation of probation and I agree with the majority that the assistance of counsel must be provided unless waived when the defendant's sentence is imposed, as that is part of the trial of a criminal case. The entire matter of probation after conviction, either by guilty plea or verdict of the jury and sentence by the court, is an act of grace. The statement in the majority opinion, to which I dissent, is based on the decision of the consolidated case of *Mempa* v. *Rhay* and *Walkling* v. *Washington State Board of Prison Terms and Paroles*, 389 U. S. 128, 19 L. Ed. 2d 336, 88 S. Ct. Rep. 254. I do not think the *Mempa* and *Walkling* cases are authority for such statement. In that consolidated case the defendant Mempa pleaded guilty with counsel and was placed on probation by the judge without the imposition of a sentence, and at the revocation hearing he was not represented by counsel. His probation was revoked and he was then sentenced. Under the applicable law in the State of Washington, which is entirely different from the law governing such cases in this State, the trial judge was required to impose the maximum sentence provided by law for the offense for which he was convicted; and furthermore, under the Washington law the sentencing judge was also required by statute to recommend the length of time such person should serve. It was held in that case that an attorney should have been present to point out matters which the court should take into consideration in making its recommendations,

One of the reasons stated in the consolidated case of *Mempa* and *Walkling* for requiring the assistance of counsel was that under the Washington law it might result in the loss of appeal. While the reasoning behind this statement is somewhat obscure, it was stated at the end of the opinion that: "*All we decide here* is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." That statement clearly refers to such procedure under the Washington law, and in the summary statement in the Supreme Court Reporter it is made abundantly clear, wherein it is

stated that the reason for the invalidity of the proceeding in that case was: "* * * in view of apparent necessity of aid of counsel to present cases as to sentences and to preserve certain legal rights which might otherwise be lost under Washington procedure."

The statute dealing with the revocation of probation in this state, Code, 62-12-10, as amended, provides that if a person placed on probation violates the provisions of such probation he shall be "* * * brought before the court, or the judge thereof in vacation, for a prompt and summary hearing." Black's Law Dictionary defines the word "summary" in the following language: "The term used in connection with legal proceedings means a short, concise, and immediate proceeding." No state is required to provide for probation of defendant after his being convicted of a crime, and if it does so it stipulates its terms and conditions. Where probation is provided for by statute it may not even require a hearing, but if a hearing is provided it must be held in the manner set forth even if it be summary. *Hamrick* v. *Boles,* 231 F. Supp. 507.

It has been held by the Supreme Court of the United States that probation is not a right guaranteed by the constitution but is an act of grace granted to one convicted of a crime, and may be coupled with such conditions as provided in the statute. In the absence of statutory provisions the probationer is not only not entitled to the assistance of counsel but is not entitled to any hearing on the revocation. *Escoe* v. *Zerbst,* 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566.

In the case of *Rose* v. *Haskins,* 388 F. 2d 91, in which the defendant had been sentenced on two charges, placed on parole a total of three times on the two charges, and all paroles revoked, in discussing the case of *Mempa* v. *Rhay, supra,* the United States Court of Appeals for the Sixth Circuit stated: "We do not regard the recent decision of the Supreme Court in *Mempa* v. *Rhay,* 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967) as throwing light on our problem. In that case sentencing in the state court had

been deferred subject to probation. The case was still pending in the state court. The Supreme Court held that the defendant was entitled to counsel at the sentencing when probation was revoked." The case of *Eason* v. *Dickson,* 390 F. 2d 585 (1968), which involves a similar question to the one discussed here and which was also decided after the case of *Mempa* v. *Rhay, supra,* in connection therewith stated in a footnote: "The status of this prisoner is unlike that of petitioner in *Mempa* v. *Rhay,* 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967) whose sentence was 'deferred subject to probation.' Here, by contrast, sentence has already been imposed and the prisoner has been turned over to the Adult Authority. * * *". This clearly sets out the point I am making in this separate opinion, that, contrary to the statement contained in the majority opinion, the case of *Mempa* v. *Rhay, supra,* is not applicable where the sentence has already been imposed upon a criminal defendant and he is then placed on probation. If the probation is later revoked, counsel is not needed in every case unless the state law has a provision which requires the assistance of counsel. However, where a criminal defendant is placed on probation without sentence after his conviction by a jury or a plea of guilty and then violates the conditions of the probation, assistance of counsel should be provided if he is then to be sentenced after the revocation. This was the situation in the *Mempa* case and in the case at bar.

For the reasons stated herein, I am of the opinion that under West Virginia law the assistance of counsel is not required in all hearings dealing with the revocation of probation which has been *granted* to a criminal defendant *after sentence has been imposed* by the court.