# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-1037** (Clay County CC-08-2015-F-37)

**Jason C.,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason C.,[1] by counsel Herbert L. Hively, II, appeals the Circuit Court of Clay County's October 18, 2018, order regarding petitioner's motion to reconsider his sentence.[2] Respondent State of West Virginia, by counsel Scott E. Johnson, submitted a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust and two counts of third-degree sexual abuse on November 3, 2015. Petitioner entered into a plea agreement, whereby he would plead guilty to one count of the felony offense of sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5. Pursuant to that plea agreement, the State dismissed the remaining counts set forth in the indictment and agreed not to prosecute petitioner for unindicted allegations for similar conduct. The State agreed to stand silent on sentencing. During his plea hearing, after hearing the State's recitation of the facts, petitioner denied touching the victim as described. However, after petitioner consulted with his counsel off the record, petitioner admitted on the record that he did touch the victim by rubbing "her vaginal area with his hand." At the conclusion of that hearing, the circuit court ordered that petitioner undergo a sexual offender's

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner was originally sentenced by order entered on March 10, 2017. The October 18, 2018, order was entered pursuant to petitioner's counsel's request for resentencing for purposes of appeal.

psychiatric evaluation by Charleston Psychiatric Group, Inc.

Dr. Timothy Thistlethwaite completed petitioner's psychiatric evaluation. As part of the Abel Assessment, an assessment instrument for sexual offenders, petitioner showed a bisexual interest pattern with interest in young males and females, in addition to "strong tendencies towards frottage and sadomasochistic tendencies to adult white females." When asked about being charged or accused of sexually abusing a child, he stated that "someone did blame me, but I did not do it. But I was around the kid." Dr. Thistlethwaite diagnosed petitioner with pedophilic disorder, sexually attracted to both sexes, limited to incest; intellectual disability, mild; amphetamine use disorder; and personality disorder unspecified with anti-social features. The doctor stated that it was his opinion "because of his limited intellectual functioning, and his unwillingness to admit his attractions, and denial of inappropriately touching [the victim] to which he has pled guilty, I feel that he is not an appropriate candidate at this time for outpatient sexual offender counseling." He also found that petitioner's personality disorder pattern was concerning and indicated a high likelihood that he may not respond truthfully when reporting his symptoms, behaviors, or choices.

The probation officer assigned to petitioner's case completed a pre-sentence investigation ("PSI") report, which was provided to the circuit court prior to sentencing. The LS/CMI general risk/need total score was 26, which is considered a high score.[3] A high score indicates that a person would need a higher level of supervision, high level of treatment with appropriate medication, and if his needs are not met appropriately, he would have a higher likelihood of reoffending.

During the sentencing hearing, when asked whether he had anything to tell the court, petitioner said that he "would like to try to get on probation." However, he did not address the crime to which he pled guilty or express remorse. By order entered March 10, 2017, petitioner was sentenced to confinement in the penitentiary for a period of not less than ten nor more than twenty years, with credit for time served in the amount of 275 days. Petitioner was advised of his requirements to register for life as a sexual offender. The circuit court further ordered that upon petitioner's release from incarceration, he shall be placed upon extended supervised release for an additional thirty years. Petitioner was resentenced for purposes of appeal by order entered October 18, 2018. Petitioner appeals from that order.

At the outset, we note that this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Further, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Petitioner asserts that the circuit court abused its discretion by denying his request for probation. Without citing any authority, he contends that an inpatient program with extensive counseling would have been an appropriate treatment plan. He also points out that he had no prior

---

[3]The Level of Service/Case Management Inventory ("LS/CMI") is described as a comprehensive measure of risk and need factors, as well as a functional case management tool.

felony convictions and admitted guilt to a serious violation of law.[4]

As this Court recently set forth:

> [W]e have held that "[p]robation is a matter of grace and not a matter of right." Syl. pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). In other words, "a defendant convicted of a crime has no absolute right to probation." *State v. Loy,* 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961). This is so because "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. pt. 2, *State ex rel. Strickland v. Melton,* 152 W. Va. 500, 165 S.E.2d 90 (1968). This is so because "probation [i]s 'simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.'" *Id.*, 152 W. Va. at 506, 165 S.E.2d at 94. Accordingly, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997). *See also* W. Va. Code § 62-12-3 (LexisNexis 2014) (granting court discretion to suspend sentence and release offender on probation); *Duke*, 200 W. Va. at 364, 489 S.E.2d at 746 ("W. Va. Code § 62-12-3 specifies the discretionary nature of the circuit court's authority to suspend either the imposition or execution of a sentence of incarceration and to place the defendant on a period of probation[.]"); *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983) ("[T]he matter of probation is within the sound discretion of the trial court.").

*Christopher H. v. Martin*, 241 W. Va. 706, __, 828 S.E.2d 94, 98 (2019). Petitioner herein admits that probation is not a matter of right, and he fails to set forth any facts or law to support his contention that the circuit court erred by denying his request for probation. To the contrary, our review of the record shows that the circuit court appropriately considered petitioner's psychological evaluation, including petitioner's diagnosis as a pedophile and the need for sexual offender treatment; the PSI report; and petitioner's denial of the commission of the crime after pleading guilty to the same in denying petitioner's request for probation.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

---

[4] Petitioner's brief before this Court does not comply with the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which specifically requires "an argument exhibiting clearly the points of fact and law presented . . . ." Petitioner's brief contains only a summary of the argument, pursuant to Rule 10(c)(5), but does not include an argument section.

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison