# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-1130** (Jackson County 17-F-82, 18-F-33, and 18-F-45)

**Joseph Arnold Farrell,**
**Defendant Below, Petitioner**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph Arnold Farrell, by counsel David B. Richardson, appeals the Circuit Court of Jackson County's November 26, 2018, order sentencing him to an aggregated term of twenty-one to thirty-one years of incarceration. The State of West Virginia, by counsel Benjamin F. Yancey, III, filed a summary response. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for alternative sentencing and in ordering that his sentences be served consecutively.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, petitioner was indicted on one count of receiving or transferring stolen goods and one count of conspiracy to commit a felony. In February of 2018, petitioner was indicted on one count of counterfeiting. In June of 2018, petitioner was indicted on one count of possession of a controlled substance with intent to deliver, one count of transporting a controlled substance into the State of West Virginia with the intent to deliver, and one count of conspiracy to commit a felony.

Petitioner entered into a plea agreement with the State of West Virginia in September of 2018 to resolve all of his pending criminal charges. Petitioner agreed to plead guilty to one felony count of conspiracy to commit a felony, one felony count of transporting a controlled substance into West Virginia with the intent to deliver that substance, and one misdemeanor count of receiving stolen property. Petitioner further agreed to cooperate with law enforcement, including testifying against his co-defendants and participating in other ongoing investigations. The State agreed to dismiss the remaining counts in all three of petitioner's indictments and not to file a recidivist information against him. The State also reserved the right to make a recommendation to the circuit court as to petitioner's sentence. On the same day the parties entered into the plea agreement, petitioner entered his guilty pleas before the circuit court, which

1

found that petitioner had freely, voluntarily, and intelligently pled guilty to those charges. The circuit court continued sentencing pending the completion of a presentence investigation report.

In October of 2018, the circuit court held the final sentencing hearing. Petitioner accepted responsibility for the crimes he had committed and requested an alternative sentence to incarceration. In support of his request, petitioner asserted that his agreement to cooperate with law enforcement was disclosed to inmates at his facility and he had received threats as a result. Petitioner also noted his numerous health issues that would hinder him from protecting himself against violent inmates. The State argued that petitioner's criminal history spanned over "four decades" and that he had transported "a fairly significant amount of methamphetamine" from Ohio for sale in West Virginia. The State recommended that the circuit court impose the maximum sentence. Ultimately, the circuit court ordered petitioner to serve a determinate twenty-year period of incarceration, following his conviction for conspiracy to commit a felony, pursuant to West Virginia Code § 60A-4-414(c); an indeterminate one-to-ten-year term of incarceration, following his conviction of transporting a controlled substance into the State with the intent to deliver that substance; and a determinate one-year period of incarceration, following his misdemeanor conviction of receiving or transferring stolen property. The circuit court ordered that petitioner's felony convictions be served consecutively and that his misdemeanor conviction be served concurrently to the two felony sentences. The circuit court entered a sentencing order reflecting its decision on November 26, 2018. It is from this order that petitioner now appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). "This Court has also specified that '[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *State v. Fleming*, 237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016).[1]

Petitioner argues that the circuit court abused its discretion in denying his motion for alternative sentencing. He asserts that the circuit court failed to acknowledge that he accepted responsibility for his criminal conduct and that he exhibited "a low risk of future offending due to his age and medical conditions." However, as this Court recently set forth:

> [W]e have held that "[p]robation is a matter of grace and not a matter of right." Syl. pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). In other words, "a defendant convicted of a crime has no absolute right to probation." *State v. Loy,* 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961). This is so because "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. pt. 2, *State ex rel. Strickland*

---

[1]Notably, petitioner's sentences are within statutory limits, and he does not argue that the sentences are based on an impermissible factor, nor is any such factor apparent from the record on appeal.

2

*v. Melton,* 152 W. Va. 500, 165 S.E.2d 90 (1968). . . . "[P]robation [i]s 'simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.'" *Id.*, 152 W. Va. at 506, 165 S.E.2d at 94. Accordingly, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997). *See also* W. Va. Code § 62-12-3 (granting court discretion to suspend sentence and release offender on probation); *Duke*, 200 W. Va. at 364, 489 S.E.2d at 746 ("W. Va. Code § 62-12-3 specifies the discretionary nature of the circuit court's authority to suspend either the imposition or execution of a sentence of incarceration and to place the defendant on a period of probation[.]"); *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983) ("[T]he matter of probation is within the sound discretion of the trial court.").

*Christopher H. v. Martin*, 241 W. Va. 706, 710, 828 S.E.2d 94, 98 (2019). Here, we find that the circuit court did not abuse its discretion in sentencing petitioner to incarceration as a result of his felony convictions. As argued by the State below, petitioner has participated in criminal activity for the last "four decades." Indeed, prior to the instant convictions, petitioner was convicted of five felony charges in three different states. Based on this extensive criminal history, the circuit court did not abuse its discretion in deciding petitioner was not a candidate for alternative sentencing.

Likewise, we find no abuse of discretion in the circuit court's imposition of consecutive terms of incarceration. As petitioner acknowledges, "when a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W. Va. 469, 686 S.E.2d 609 (2009). Again, the circuit court considered multiple factors during sentencing, including petitioner's lengthy criminal history, and properly exercised its discretion when ordering petitioner to serve the sentences for his felony convictions consecutively. Upon review, we find no abuse of discretion in the circuit court's final sentence.

For the foregoing reasons, the circuit court's November 26, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison