248 P.3d 447 (2011)
241 Or. App. 197
STATE of Oregon, Plaintiff-Respondent,
v.
Enoch Rodriguez ROBLEDO, Defendant-Appellant.
CR060247; A136954.
Court of Appeals of Oregon.
Argued and Submitted May 28, 2010.
Decided February 23, 2011.
Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.
Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before ORTEGA, Presiding Judge, and SERCOMBE, Judge, and LANDAU, Judge pro tempore.
*448 PER CURIAM.
Defendant appeals from a judgment convicting him of three counts of first-degree sexual abuse (Counts 1, 5, and 7), ORS 163.427; two counts of second-degree sexual abuse (Counts 2 and 10), ORS 163.425; three counts of third-degree sexual abuse (Counts 3, 4, and 9), ORS 163.415; two counts of second-degree unlawful sexual penetration (Counts 6 and 8), ORS 163.408; and one count of fleeing or attempting to elude a police officer (Count 11), ORS 811.540. He argues that the trial court erred in admitting evidence of expert diagnoses of child sexual abuse in the absence of any physical evidence. See State v. Southard, 347 Or. 127, 218 P.3d 104 (2009). Although defendant acknowledges that his arguments before the trial court were insufficient to preserve this issue, he contends that admission of that evidence was plain error under Southard. We agree that the admission of the evidence was plain error and, for the reasons set forth in State v. Merrimon, 234 Or.App. 515, 520-22, 228 P.3d 666 (2010), and State v. Lovern, 234 Or.App. 502, 513-14, 228 P.3d 688 (2010), we exercise our discretion to correct that error. See also State v. Clay, 235 Or.App. 26, 230 P.3d 72 (2010).
Defendant also contends that the trial court erred in instructing the jury that it could reach a nonunanimous verdict, and in convicting him of fleeing or attempting to elude a police officer based on a nonunanimous jury verdict. We reject those arguments without discussion. See State v. Bainbridge, 238 Or.App. 56, 59, 241 P.3d 1186 (2010).
Convictions on Counts 1 through 10 reversed and remanded; case remanded for resentencing; otherwise affirmed.