Argued and submitted June 29, 2015; remanded for resentencing, otherwise affirmed November 9, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ENOCH RODRIGUEZ ROBLEDO,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR060247; A152150

386 P3d 136

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

**EGAN, J.**

Defendant appeals a judgment, challenging the sentence imposed after he was convicted and sentenced on remand after a successful appeal. He contends that the sentencing court's decision to impose a longer sentence on remand than it originally imposed is unlawful and should therefore be vacated and remanded. He argues that the trial court erred because the sentence increase was not based on identified facts of which the original sentencing court was unaware and because the reasons given by the sentencing court fail to demonstrate that the increased sentence was not vindictive punishment for his success on appeal, as required by federal due process rights and *State v. Partain*, 349 Or 10, 239 P3d 232 (2010). Additionally, defendant makes two unpreserved constitutional claims that, as explained below, we do not consider. We conclude that the sentencing court erred in imposing a longer sentence after retrial because the reasons it gave for the increased sentence fail to demonstrate that the increase was not a product of vindictiveness. Accordingly, we remand for resentencing and otherwise affirm.

In defendant's original trial, he was accused of sexually abusing his two stepdaughters and was charged with, among other things, three counts of sexual abuse in the first degree, ORS 163.427, two counts of sexual abuse in the second degree, ORS 163.425, three counts of sexual abuse in the third degree, ORS 163.415, and two counts of unlawful sexual penetration in the second degree, ORS 163.408. Defendant was convicted on all charges and sentenced to a total of 206 months' incarceration.

Defendant appealed, and we reversed and remanded for a new trial on the sexual abuse and unlawful sexual penetration charges, because the convictions were based on the erroneous admission of evidence of expert diagnoses of sexual abuse without physical evidence of abuse, under *State v. Southard*, 347 Or 127, 218 P3d 104 (2009). *State v. Robledo*, 241 Or App 197, 198, 248 P3d 447, *rev den*, 350 Or 574 (2011). On remand, the second trial ended in a hung jury, and the third trial ended in a mistrial as a result of one of the state's witness's prejudicial response on direct examination. In the

fourth trial, based on the same admissible evidence from the first trial, defendant was convicted on all of the sexual abuse and sexual penetration charges that had been reversed and remanded. The court resentenced defendant and entered a judgment again disposing of all charges in the case, including those on which defendant had been retried. The same judge presided over the four trials and imposed both sentences.

During the sentencing hearing after the fourth trial, the state recommended that the court impose a sentence of 297 months' incarceration. Defense counsel responded:

"I am not aware * * * of any significant change in circumstances * * * other than an individual exercising his right under appeal to retry this case such that it would justify a sentence of essentially 90 months larger than the sentence that was given in 2007. So I ask [the Court] to accept that premise and sentence [defendant] consistent with the sentences that were handed down in 2007."

He added:

"I believe that failing some kind of showing of a dramatic change of circumstances that would justify punishing [defendant] more than this same Court did back in 2007, with exactly the same evidence, and exactly the same rationale, lack of remorse, * * * multiple victims, violation of trust. * * * [E]very one of those conditions or circumstances were brought to the attention of the Court."

Defendant then made a statement to the court in which he denied that he had ever sexually abused the victims, said that he was a changed person with a changed attitude since the trial process had begun, and asked for mercy from the court.

In response, the sentencing court explained why it was not imposing the same sentence as it did after defendant's first conviction on the same counts:

"[T]he first jury that tried this case found that [defendant] had committed those offenses and found that the testimony of the two step-daughters was entirely credible. * * *

"* * * [T]here was a second trial that ended in a mistrial. The jury couldn't come to a conclusion. And there was a third trial, and it ended in a mistrial * * *.

"But this last trial the jury came to the same conclusion as the first trial without any [inadmissible sexual abuse] diagnosis coming in. They didn't believe you. They did believe the two children. They found that your testimony and the manner of testimony was not credible, and they convicted you of all ten offenses.

"I sat here and listened to the testimony in each case, and I don't find your testimony credible. I find that what the jury decided was absolutely the most realistic decision that a jury would make in this case. And that you committed the crimes that were there, and you stand there now and tell your daughter that she is lying.

"For four separate times, the first time in the trial [I] don't have a problem with that. But for three separate times you required your children or the ones that you say are your children to get up on the stand and relive these entire incidents and episodes of sexual abuse that have gone over years, and that I don't find appropriate. I don't find the lack [*sic*] of remorse for the crimes that you've been found guilty of.

"And based on that I find there is a substantial reason not to comply with the initial sentence."

Defense counsel noted to the court that defendant had attempted to resolve the case without going back to trial on remand, but the state had not been interested. The court and defense counsel then had the following discussion:

"THE COURT:   Okay. I was not aware of that.

"[DEFENSE COUNSEL]:   He did try to resolve this case short of trial.

"THE COURT:   But that doesn't account for his statement now in the presence of his daughter either.

"[DEFENSE COUNSEL]: Well, Your Honor, he believes he is innocent. He's always held that position. I understand your position, but he—

"THE COURT:   I understand what he is stating. I also understand what the evidence shows, and that is the fact that he was found guilty beyond a reasonable doubt."

The trial court then sentenced defendant to 285 months' incarceration, 79 months more than it had imposed after defendant's first conviction.

On appeal, defendant argues that, under *Partain*, a resentencing court must identify facts that were unknown to the first sentencing court to impose a more severe sentence on remand. Furthermore, defendant argues that the reasons on which the sentencing court based the increased sentence are not sufficient to satisfy a reviewing court that the sentence was not a product of vindictiveness. Defendant also raises two unpreserved assignments of error that the sentencing court's application of *Partain* violated the state and federal constitutions. Given our analysis and disposition, which necessitates a remand for resentencing on other grounds, we do not address those unpreserved assignments.

We agree with defendant that the sentencing court did not demonstrate that the increased sentence imposed on remand was not based on retaliation for defendant's exercise of his right to appeal. To lawfully increase a defendant's sentence after retrial on remand, the trial court must affirmatively state on the record its reasons for imposing a longer sentence. *Partain*, 349 Or at 25-26. "Those reasons must be based on identified facts of which the first sentencing judge was unaware, and must be such as to satisfy a reviewing court that the length of the sentence imposed is not a product of vindictiveness toward the offender." *Id.* at 26. A more severe sentence on remand is presumed to be based on vindictive motives. *Id.* The increased sentence will be reversed unless the sentencing court adequately explains the facts and reasons on which it relied for the increase and that explanation satisfies a reviewing court that the sentence was not a product of vindictiveness. *Id.*

In announcing *Partain*, the Oregon Supreme Court stated that it followed *North Carolina v. Pearce*, 395 US 711, 725-26, 89 S Ct 2072, 23 L Ed 2d 656 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 US 794, 109 S Ct 2201, 104 L Ed 2d 865 (1989), because *Pearce* expressed a federal constitutional rule that Oregon courts must follow. 349 Or at 25. To better clarify our analysis in this case, we briefly describe the standard and purposes of the safeguard against more severe punishment in resentencing as retaliation against a defendant for a successful appeal, as expressed in *Pearce*. The Due Process Clause of the Fourteenth Amendment to the United States Constitution

"requires that vindictiveness against a defendant for having successfully attacked his first conviction must play *no part* in the sentence he receives after a new trial" following a successful appeal. *Pearce*, 395 US at 725 (emphasis added). Furthermore, if states provide a statutory right of appeal, a defendant must be able to appeal his or her conviction without the unconstitutional chilling effect that a fear of vindictiveness would create. *Id.* at 724-25. Therefore, due process requires that a defendant be freed of apprehension that the sentence received after retrial will be increased as a result of the sentencing judge's retaliatory motivations to punish the defendant's exercise of his or her right to appeal. *Id.* at 725. To assure the absence of such a motivation, the sentencing court's reasons for the increased sentence must affirmatively appear on the record so that the legitimacy of the sentence may be fully reviewed on appeal. *Id.* at 726.

In sum, the *Pearce* and *Partain* rules prevent a sentencing court from punishing a defendant more severely for simply asserting and receiving the fair process that our laws and constitutions require. In addition, they aim to protect defendants from the chilling effect of the fear that they will be punished for appealing. To prevent against both harms, *Partain* employs a presumption of vindictiveness that will be overcome only if the reviewing court is satisfied that the sentence was not a product of vindictiveness.

In this case, defendant argues that the reasons stated by the sentencing court do not overcome the presumption of vindictiveness. Defendant also argues that the reasons given were not "identified facts of which the first sentencing judge was unaware." The sentencing court gave two reasons for the increased sentence on remand: defendant "required" the victims to testify multiple times and defendant lacked remorse.

We begin with the sentencing court's first reason for the increased sentence, that defendant "inappropriate[ly]" "required" the victims to testify more than once, finding it dispositive. The state concedes that "defendant's exercise of his constitutional right to a jury trial to verdict after he successfully appealed his original convictions cannot justify the harsher sentence the court imposed." We agree.

Under *Partain*, the sentencing court erred when it determined that it could impose a more severe sentence on remand on the basis that defendant "inappropriate[ly]" "required" the victims to testify repeatedly. Defendant appealed, as is his statutory right. Defendant did not cause either of the mistrials following his success on appeal. And defendant was convicted again after the fourth trial. He did nothing other than exercise his rights to a fair trial and appeal. No defendant can be punished for doing that.

Although the state concedes that "certain statements by the court admittedly suggest the harsher sentence was directed at punishing defendant for exercising his constitutional right to a trial," the state argues that the sentencing court's finding that defendant lacked remorse was an "independent and adequate ground for increasing defendant's original sentence by 79 months." While we have recently addressed other issues arising in the application of *Partain*,[1] we have not yet addressed whether an "independent and adequate ground" for an increased sentence on remand can overcome both the presumption of vindictiveness and a vindictive reason given by the sentencing court and allow us to conclude that the sentence was not the product of vindictiveness. It cannot. In so arguing, the state misunderstands what *Partain* requires for a sentencing court to lawfully impose an increased sentence after a successful appeal.

*Partain* does not require only that the reasons for the increased sentence be based on facts of which the original sentencing court was unaware at the time it imposed the original sentence. *Partain* requires also that "those reasons * * * must be such as to satisfy a reviewing court that the length of the sentence imposed is not a product of vindictiveness toward the offender." 349 Or at 26.

---

[1] *See State v. Febuary*, 274 Or App 820, 361 P3d 661 (2015), *rev allowed*, 358 Or 294 (2016) (presumption of vindictiveness does not apply unless total sentence imposed on remand is longer or more severe than total original sentence; the defendant must prove actual vindictiveness if total sentence on remand is less than original sentence but longer sentences are imposed on some counts); *see also State v. Bradley*, 281 Or App 696, 383 P3d 937 (2016) (applying *Febuary*; actual vindictiveness is proved where a sentencing court relies on an impermissible reason for sentence increase); *State v. Criswell*, 282 Or App 146, 386 P3d 58 (2016) (presumption of vindictiveness is not overcome where sentencing court does not explain basis for more severe sentence).

In this case, the sentencing court appeared to explicitly punish defendant for exercising his rights; thus, we are not persuaded that the increased sentence is not a product of vindictiveness. Given that, we need not decide whether the sentencing court's other reason for increasing the sentence, defendant's "lack of remorse," was essentially the same as punishing defendant for his persistent belief that he is innocent and whether that is a fact of which the first sentencing court was unaware that could provide a lawful basis for an increased sentence on remand. Because the reasons that the sentencing court gave for the more severe sentence on remand do not satisfy us that the sentence was not a product of vindictiveness towards defendant, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.