November 21, 2018

**Supreme Court**

No. 2017-104-C.A.

(P1/04-3386A)

State                    :

v.                    :

James Oliveira.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                       :

v.                       :

James Oliveira.          :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Court on October 3, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, James Oliveira, appeals from a Superior Court order that denied his motion to reduce a sentence, filed in accordance with Rule 35 of the Superior Court Rules of Criminal Procedure.  After a thorough review of the record and consideration of the parties' arguments, we conclude that cause has not been shown and that the appeal may be decided without further briefing or argument.  For the reasons set forth herein, we affirm the order of the Superior Court denying defendant's motion to reduce sentence.

## Facts and Travel

The facts of the underlying case are set forth in detail in *State v. Oliveira*, 961 A.2d 299 (R.I. 2008) (*Oliveira I*), and *State v. Oliveira*, 127 A.3d 65 (R.I. 2015) (*Oliveira II*). Accordingly, the Court recites only those facts relevant to this appeal.

On October 29, 2004, a grand jury indicted defendant on two counts of first-degree child molestation sexual assault, in violation of G.L. 1956 § 11-37-8.1, for sexually assaulting his six-

year-old grandson by anal penetration. On September 19, 2006, a Superior Court jury convicted defendant on one count of first-degree child molestation sexual assault and acquitted defendant on the second count. The trial justice sentenced defendant to sixty years' imprisonment, with forty years to serve and the remainder suspended, with probation. This conviction was vacated on appeal, and the case was remanded for a new trial. *Oliveira I*, 961 A.2d at 319. At a second trial, before a different trial justice, defendant again was convicted on one count of first-degree child molestation sexual assault. He was sentenced to life imprisonment, and this Court affirmed the conviction. *Oliveira II*, 127 A.3d at 85.[1]

Subsequently, defendant filed a Rule 35 motion to reduce the sentence, on the ground that the life sentence imposed after the second trial was unconstitutional. The defendant argued that it was improper for a second trial justice to depart from the original forty-year term to serve due to defendant's disciplinary record at the Adult Correctional Institutions. The defendant also argued that the trial justice erred because, while he commented upon defendant's disciplinary record, the trial justice failed to make clear "that [the record] was the reason why he imposed a life sentence." The state disagreed, and argued in opposition to the motion to reduce that there was ample evidence in the record to support the trial justice's sentencing decision, including conduct by defendant that occurred after the first conviction was vacated.

In denying defendant's Rule 35 motion, the trial justice acknowledged that, although he "could have been more explicit in using * * * direct language" when departing from defendant's first sentence and imposing a life sentence following his second conviction, this omission was

---

[1] This is not defendant's first conviction. In *State v. Oliveira*, 576 A.2d 111 (R.I. 1990), defendant's convictions for first-degree and second-degree child molestation sexual assault in 1988 were vacated, and defendant entered a plea of nolo contendere to two counts of second-degree child molestation sexual assault. He was sentenced to two eight-year sentences, to run concurrently, with two years to serve and the balance suspended, with probation.

not fatal to his sentencing decision. The trial justice found that the fourteen disciplinary infractions that defendant had committed between defendant's first conviction and his second trial were "very disturbing" because every infraction "fell into the moderate to high category of disciplinary violations according to the Department of Corrections Code of Conduct." The trial justice also explained that, during the sentencing hearing, he had "clearly characterized that collection of infractions as demonstrating * * * that this defendant, in the [c]ourt's view, was antisocial, disrespectful of authority, rules, and boundaries." Finally, the trial justice recounted his sentencing remarks about the impact this crime has had on the young complainant's life. The defendant's grandson was six years of age at the time of the offense.

The defendant timely appealed.

## Standard of Review

A motion to reduce a sentence under Rule 35 "is essentially a plea for leniency[.]" *State v. Rivera*, 64 A.3d 742, 745 (R.I. 2013) (quoting *State v. Chase*, 9 A.3d 1248, 1253 (R.I. 2010)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Mlyniec*, 78 A.3d 769, 771 (R.I. 2013) (quoting *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I. 2008)). We have a "strong policy against interfering with a trial justice's discretion in sentencing matters," and thus "our review of a trial justice's ruling on a Rule 35 motion is extremely limited." *Rivera*, 64 A.3d at 745 (quoting *State v. Snell*, 11 A.3d 97, 101 (R.I. 2011)). Accordingly, we will interfere with that discretion only in "rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." *Id.* (quoting *Snell*, 11 A.3d at 101).

**Discussion**

Before this Court, defendant contends, as he did below, that the trial justice abused his discretion by imposing a sentence significantly longer than the sentence imposed after defendant's first conviction. Specifically, defendant claims that, when the trial justice departed from the first sentence after retrial, imposing a sentence of life imprisonment, he violated defendant's right to due process because the court essentially punished defendant for successfully appealing his first conviction. This argument is without merit.

It is well established that "a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction." *North Carolina v. Pearce*, 395 U.S. 711, 720 (1969); *see State v. Mattatall*, 603 A.2d 1098, 1118 (R.I. 1992) ("Reversal of the original conviction nullifies the previous sentence, thereby clearing the slate for the imposition of a completely new sentence."). This is because, by vacating the first conviction, the sentence that was imposed is also vacated, thus allowing for the imposition of a completely new sentence following a new conviction. *State v. Simpson*, 520 A.2d 1281, 1285 (R.I. 1987) (citing *Pearce*, 395 U.S. at 721). The trial justice on retrial may depart from the original sentence and impose a harsher sentence based on "events subsequent to the first trial that may have thrown new light upon the defendant's life, health, habits, conduct, and mental and moral propensities." *Id.* (quoting *Pearce*, 395 U.S. at 723); *see also Mattatall*, 603 A.2d at 1118-19.

We hasten to add, however, that the United States Supreme Court has declared that "[d]ue process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 U.S. at 725. The record in the case at bar discloses that defendant

conceded that there was no vindictiveness by the trial justice when he imposed the life sentence after the second trial. Indeed, there is no evidence of vengeful or spiteful sentencing on the part of the second trial justice when he departed from the first sentence. Rather, the second trial justice affirmatively placed his reasons for imposing the longer sentence on the record. Furthermore, in the context of the second trial, which, again, was presided over by a different trial justice than the first trial, any suggestion of vindictiveness based on the successful appeal of the first conviction would be entirely speculative. *See Texas v. McCullough*, 475 U.S. 134, 139 (1986) (explaining that the possibility of vindictiveness is speculative where the second sentence is imposed by a different trial justice who has "no motivation to engage in self-vindication" (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973))). We therefore are satisfied that the sentence imposed by the trial justice in this case was not motivated by vindictiveness.

A thorough examination of the record also reveals that the trial justice gave ample consideration to events that occurred after the first trial that shed light upon defendant's "life, health, habits, conduct, and mental and moral propensities." *Pearce*, 395 U.S. at 723 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Specifically, at the February 6, 2013 sentencing hearing, the trial justice cited fourteen separate instances of misconduct by defendant at the ACI and in the Superior Court cellblock. Before he imposed the sentence, the trial justice concluded that "defendant's conduct while housed at the ACI demonstrates that he is antisocial and disrespectful of authority, rules, and boundaries"; the trial justice proceeded to delve into a description of each infraction, noting that all fourteen fell into the "moderate to high" category as to the seriousness of disciplinary violations.

Accordingly, after due consideration of all the *Pearce* factors, we are of the opinion that the trial justice properly decided to impose the maximum sentence permitted under the statute in

this case.[2] The defendant has failed to demonstrate that the trial justice imposed the sentence without justification, or that the sentence was "grossly disparate from other sentences generally imposed for similar offenses." *Snell*, 11 A.3d at 101 (quoting *State v. Coleman*, 984 A.2d 650, 654 (R.I. 2009)). We hold that the trial justice was "well within his discretion to give and then confirm the instant punishment for [defendant.]" *Id.* at 102.

**Conclusion**

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.

Justice Indeglia did not participate.

---

[2] General Laws 1956 § 11-37-8.2 provides: "Every person who shall commit first degree child molestation sexual assault shall be imprisoned for a period of not less than twenty-five (25) years and may be imprisoned for life."

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. James Oliveira. |
| **Case Number** | No. 2017-104-C.A. (P1/04-3386A) |
| **Date Opinion Filed** | November 21, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Daniel A. Procaccini |
| **Attorney(s) on Appeal** | For State: <br><br> Jane M. McSoley <br> Department of Attorney General <br><br> For Defendant: <br><br> Lara E. Montecalvo <br> Office of the Public Defender <br><br> Alec Miran <br> Rule 9 Practitioner |