**FILED**
**June 16, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-0005 – *State of West Virginia v. Nicholas Varlas*

**HUTCHISON, Justice, dissenting, joined by ARMSTEAD, Chief Justice**:

This case presented an excellent opportunity for this Court to reinstate sentencing discretion in circuit courts that was wrongfully stripped from them by the decision in *State v. Eden*, 163 W. Va. 370, 256 S.E.2d 868 (1979) and its progeny. As pointed out by the majority opinion, under *Eden* a trial court is prohibited from increasing the punishment of a defendant convicted of the same offense on retrial after an appeal.[1] Prior to *Eden* the courts of this state had the discretion to impose a greater sentence on a defendant who was convicted on retrial of the same offense after an appeal. *See*, *e.g.*, Syl. pt. 2, *State ex rel. Bradley v. Johnson*, 152 W. Va. 655, 166 S.E.2d 137 (1969), overruled by *State v. Eden*, 163 W. Va. 370, 256 S.E.2d 868 (1979) ("A void sentence is in law no sentence at all and the court upon a valid sentence may impose any penalty provided by law.").

As noted in the majority opinion, the Petitioner's original sentence of 10 to 25 years imprisonment for sexual assault in the second degree was suspended, and he was placed on probation.[2] This Court reversed the conviction and ordered a new trial. The Petitioner's second trial was presided over by a different judge. After being convicted by a jury a second time for sexual assault in the second degree, the circuit court imposed a sentence of 10 to 25 years imprisonment. However, the circuit court did not suspend the

---

[1] *Eden* actually addressed the imposition of a greater sentence by a circuit court after an appeal from a justice of the peace. However, in the body of the opinion *Eden* found that upon "a defendant's conviction at retrial following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted." *Eden*, 163 W. Va. at 384, 256 S.E.2d at 876. This language was set out in syllabus point 2 of *State v. Gwinn*, 169 W. Va. 456, 288 S.E.2d 533 (1982), in part, as follows:

> Upon a defendant's conviction at retrial following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted.

See Syl. pt. 3, in part, *State v. Cobb*, 166 W. Va. 65, 272 S.E.2d 467 (1980) ("When a new trial is granted upon appeal, a defendant in the new trial … cannot be … sentenced to a harsher penalty than he received at the original trial.").

[2] The Petitioner was also convicted of attempted sexual abuse in the first degree and sentenced to 1 to 3 years in prison. The attempted sexual abuse sentence was not suspended. The sentences were ordered to be served consecutively.

1

sentence and place the defendant on probation.[3] The circuit court found that *Eden* and its progeny did not apply to probation. Therefore, the Petitioner was not entitled to receive that sentence.

The circuit court was absolutely correct in concluding as a matter of law that *Eden* and its progeny did not apply to probation. This Court has held that "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." *State v. Jones*, 216 W.Va. 666, 669, 610 S.E.2d 1, 4 (2004) (quoting Syl. pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968)). It has been said that "probation has no correlation to the underlying criminal sentence[.]" *State v. Tanner*, 229 W.Va. 138, 141 n. 7, 727 S.E.2d 814, 817, n.7 (2012) (quoting Syl. pt. 1, *Jett v. Leverette*, 162 W.Va. 140, 146, 247 S.E.2d 469, 472 (1978)).

The circuit court's decision was consistent with *State v. Workman*, No. 13-0133, 2013 WL 6183989 (W. Va. Nov. 26, 2013) (Memorandum Decision). In *Workman* the defendant appealed a magistrate court sentence of unsupervised probation to circuit court. After retrial in circuit court, the circuit court imposed a sentence of supervised probation. On appeal to this Court, the defendant in *Workman* argued that *Eden* prohibited imposition of the greater sentence of supervised probation. We rejected the argument as follows:

> We have previously held that "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." *State v. Jones*, 216 W.Va. 666, 669, 610 S.E.2d 1, 4 (2004) (quoting Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968)). Further, "probation has no correlation to the underlying criminal sentence...." *State v. Tanner*, 229 W.Va. 138, 141 fn. 7, 727 S.E.2d 814, 817 (2012) (quoting Syl. Pt. 1, *Jett v. Leverette*, 162 W.Va. 140, 146, 247 S.E.2d 469, 472 (1978)). In the instant matter, both the magistrate court and the circuit court sentenced petitioner to one year in jail for the offense of domestic battery. As such, it is clear that petitioner did not receive a harsher sentence on appeal, the circuit court's imposition of supervised probation notwithstanding. Therefore, no violation of petitioner's due process rights occurred below.

*Workman*, No. 13-0133, 2013 WL 6183989, at *2.

---

[3] The Petitioner was also once again convicted of attempted sexual abuse in the first degree and sentenced to 1 to 3 years in prison. However, unlike the consecutive sentences in the first trial, the circuit court ordered the sentences be served concurrently.

The majority opinion has taken an unjustified drastic measure to get around *Workman* and the law regarding probation, by overruling *Workman* and carving out an exception when the issue of resentencing to probation is raised in the context of *Eden*. I cannot accept this distinction. Probation is either part of a sentence or it is not. It cannot be both. The majority's hybrid treatment of probation has no basis in law and simply creates bad law.[4]

The legally sound way to resolve the issue raised in this case was to overrule the badly conceived precedent set by *Eden* and its progeny. *Eden* is inconsistent with federal constitutional law and was wrongfully attached to state constitutional law. The United States Supreme Court has long held that under federal constitutional law there is "no absolute constitutional bar to the imposition of a more severe sentence on reconviction after the defendant's successful appeal of the original judgment of conviction." *United States v. DiFrancesco*, 449 U.S. 117, 135, 101 S. Ct. 426, 436, 66 L. Ed. 2d 328 (1980). Instead, the Supreme Court has held that a defendant may be sentenced to a harsher punishment after a retrial, so long as vindictiveness did not play a role in causing the harsher sentence. The vindictiveness principle was announced in *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled on other grounds by *Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989).[5] The decision in *Pearce* addressed the matter as follows:

> We hold … that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that

---

[4] The majority's unsupported new law was set out in syllabus point 4 of the opinion as follows:

> When a defendant successfully appeals a conviction for which he or she was granted probation, *State v. Eden*, 163 W. Va. 370, 256 S.E.2d 868 (1979) prohibits a circuit court from imposing a longer term of probation, or withholding probation entirely, when sentencing the defendant upon reconviction at a later trial for the same crime or crimes, post-appeal. To the extent that it conflicts with *Eden's* due process protections, we overrule our decision in *State v. Workman*, No. 13-0133, 2013 WL 6183989 (November 26, 2013) (memorandum decision).

[5] The decision in *Pearce* involved two consolidated cases. In one case the defendant was given a greater sentence after a second trial of the same offenses. In the second case the defendant's conviction and sentence from a guilty plea were reversed and, subsequent to a jury trial on the offenses, he was given a greater sentence. The holding in *Pearce* applied to both types of increased sentences, i.e., an increase in punishment after a second jury trial or after a jury trial from a vacated plea conviction.

> may have thrown new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.
>
> ***
>
> Due process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial….
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. (Internal quotation marks and citations omitted.)[6]

*Pearce*, 395 U.S. at 723–26, 89 S. Ct. 2079-81.

The majority opinion has disingenuously revisited *Pearce* by neglecting to provide any analysis or discussion of how other jurisdictions apply *Pearce*. All jurisdictions that I was able to find that have addressed the issue, except West Virginia, apply *Pearce's* vindictiveness standard to an increased sentence after retrial. *See, e.g.*, *Sampson v. State*, 441 P.3d 1089 (Nev. 2019) (applying vindictiveness standard to increased sentence); *State v. Brown*, 193 Wash. 2d 280, 440 P.3d 962 (2019) (same); *State v. Brown*, 309 Kan. 369, 435 P.3d 546 (2019) (same); *State v. Oliveira*, 195 A.3d 1088 (R.I. 2018) (same); *People v. Kennard*, 160 A.D.3d 1378, N.Y.S.3d 309 (2018) (same); *State v. Pena*, 2018 WL 1915532 (N.J. Super. Ct. 2018) (same); *Sullivan v. State*, 2018 WL 1224529 (Tex. App. 2018) (same); *Austin v. State*, 239 So. 3d 93 (Fla. App. 2018) (same); *State v. Robledo*, 282 Or. App. 96, 386 P.3d 136 (2016) (same); *State v. Price*, 60 N.E.3d 481 (Ohio 2016) (same); *People v. Johnson*, 363 P.3d 169 (Colo. 2015) (same); *State v. Sharp*, 2014 WL 3744620 (Tenn. Crim. App. 2014) (same); *Arnold v. State*, 324 Ga. App. 58, 749 S.E.2d 245 (2013) (same); *State v. Grist*, 152 Idaho 786, 275 P.3d 12 (2012) (same); *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526 (2011) (same); *State v. Partain*, 349 Or. 10, 239 P.3d 232 (2010) (same); *State v. Kelson*, 40 So. 3d 1194 (La.App. 2010) (same); *State v. Rowley*, 2010 S.D. 41, 783 N.W.2d 50 (2010) (same); *State v.*

---

[6] In subsequent cases, the Supreme Court clarified that *Pearce's* presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986). Instead, the Supreme Court limited the application of *Pearce* to circumstances "in which there is a reasonable likelihood ... that the increase is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Smith*, 490 U.S. at 799–800, 109 S. Ct. at 2205 (internal quotation marks and citations omitted).

*Hazelton*, 186 Vt. 342, 987 A.2d 915 (2009) (same); *State v. Mitchell*, 670 N.W.2d 416 (Iowa 2003) (same); *People v. Colon*, 250 Mich. App. 59, 644 N.W.2d 790 (2002) (same); *State v. Wilson*, 252 Neb. 637, 564 N.W.2d 241 (1997) (same); *Commonwealth v. Campion*, 449 Pa. Super. 9, 672 A.2d 1328 (1996) (same); *Commonwealth v. Hyatt*, 419 Mass. 815, 647 N.E.2d 1168 (1995) (same); *State v. Goding*, 128 N.H. 267, 513 A.2d 325 (1986) (same); *Ross v. State*, 480 So. 2d 1157 (Miss. 1985) (same); *State v. Allen*, 446 So. 2d 1200 (La. 1984) (same).

In light of the above authorities it is clear that *Eden* is unsound law without a constitutional or other legal basis. The "vindictiveness" standard should be the only limitation on a trial judge's discretion to impose a harsher sentence on a defendant convicted of the same offense after a retrial.

In view of the foregoing, I dissent. I am authorized to state that Chief Justice Armstead joins in this dissent.