308 S.E.2d 142

**STATE of West Virginia**

v.

**Earl WARNER.**

No. 15881.

Supreme Court of Appeals of West Virginia.

Sept. 29, 1983.

Camper & Seay, Harry G. Camper, Jr. and C. Thomas Seay, Welch, for appellant.

Chauncey H. Browning, Atty. Gen. and Fredrick S. Wilkerson, Asst. Atty. Gen., Charleston, for appellee.

**MILLER, Justice:**

The issue presented is not complex. It involves the question of whether W.Va. Code, 62–12–2(b), which prohibits probation for "any person who commits or attempts to commit a felony with the use, presentment or brandishing of a firearm,"[1] is applicable to a misdemeanor conviction under W.Va.Code, 61–7–1, for carrying a pistol without a license.

The facts are not disputed that the defendant was convicted for carrying a pistol without a license. This was his first offense for carrying a pistol without a license.[2] The judge sentenced the defendant to eight months in the county jail and denied his request for probation on the theory that W.Va.Code, 62–12–2(b), was applicable and made a jail sentence mandatory.

The initial enactment of W.Va.Code, 62–12–2(b), occurred in 1979,[3] and this provision has remained unchanged despite certain procedural amendments to subsections (c) and (d), which are not relevant to our present issue.

█ The applicable rule of statutory construction is:

"Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State ex rel. Underwood v. Silverstein,* 167 W.Va. 121, 278 S.E.2d 886 (1981), *citing* Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).

---

1. W.Va.Code, 62–12–2(a) and (b), provides:
    "(a) All persons who have not been previously convicted of a felony within five years from the date of the felony for which they are charged, and who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment, and all persons whether previously convicted or not, who are found guilty of or plead guilty to any misdemeanor, shall be eligible for probation, notwithstanding the provisions of sections eighteen and nineteen [§§ 61–11–18 and 61–11–19], article eleven, chapter sixty-one of this Code.
    "(b) The provisions of subsection (a) of this section to the contrary notwithstanding, any person who commits or attempts to commit a felony with the use, presentment or brandishing of a firearm shall be ineligible for probation. Nothing in this section shall apply to an accessory before the fact or a principal in the second degree who has been convicted as if he were a principal in the first degree if, in the commission of or in the attempted commission of the felony, only the principal in the first degree used, presented or brandished a firearm."

2. W.Va.Code, 61–7–1, prescribes that the second offense for carrying a pistol without a license is a felony.

3. 1979 W.Va. Acts Ch. 87.

The plain meaning of W.Va.Code, 62–12–2(b), is that its denial of probation is limited to a "person who commits or attempts to commit a felony with the use, presentment or brandishing of a firearm." Therefore, a person who is convicted of the misdemeanor offense of carrying a pistol without a license is not automatically barred from probation consideration under W.Va.Code, 62–12–2(b).[4]

Although we hold the trial court erred in foreclosing probation consideration because of an erroneous interpretation of W.Va. Code, 62–12–2(b), we do not suggest that the trial court was automatically required to grant probation. The defendant alleges no other error and, therefore, we remand the case in order to give the trial court an opportunity to reconsider the probation question in light of our opinion.

Reversed and Remanded

4. We note that on appeal the Attorney General has virtually conceded the issue: "The State has been unsuccessful after a thorough investigation of this issue to support the trial court's ruling." (Appellee's Brief, p. 5)