310 S.E.2d 479

**STATE of West Virginia**

v.

**Jerry MILLER.**

No. 15794.

Supreme Court of Appeals of West Virginia.

Dec. 15, 1983.

Gregory W. Bailey, Deputy Atty. Gen., Charleston, for appellee.

Hugh Rogers, Jr., Kerens, for appellant.

McGRAW, Chief Justice:

Jerry Miller appeals from a final order of the Circuit Court of Taylor County which denied his motion for a new trial and sentenced him to a term of not less than two nor more than five years in the state penitentiary. The Court granted this appeal in order to review the trial court's ruling that pursuant to W.Va.Code § 62–12–2 (Cum. Supp.1983), the appellant was ineligible for

probation.* We find that the statute does not preclude the court from granting the appellant probation. Accordingly, we reverse the order of the lower court sentencing the appellant to the penitentiary and remand this case for resentencing.

On August 17, 1981, local police and fire officials pulled the dead body of a young man from a burning car near Shinnston in Harrison County. Investigators found evidence of arson and discovered that, prior to the fire, the body had been embalmed. The body was subsequently identified as that of Timothy Fitzwater, a former Shinnston resident who had been killed in a motorcycle accident less than a month earlier. An examination of Fitzwater's grave in neighboring Taylor County revealed that it had been opened and the body removed. Testimony at trial indicated that the disinterment occurred on August 13, 1981.

The appellant and two codefendants were arrested and indicted in Taylor County on charges of disinterment of a dead human body. In addition, the appellant and several others were charged with the August 17th arson in Harrison County. The appellant was alleged to have committed and orchestrated these crimes in an attempt to stage his own disappearance to avoid marital and financial difficulties.

In February 1982, the appellant plead guilty to the Harrison County arson charge. Later, in May 1982, he was tried and convicted in the Circuit Court of Taylor County on the disinterment charge. By an order entered on May 19, 1982 the Taylor County court sentenced the appellant to a term of not less than two nor more than five years in the West Virginia penitentiary. In that same order the court, relying upon W.Va. § 62–12–2, held that because the appellant had been convicted of a felony "within five years from the date hereof," the appellant was ineligible for probation. The appellant contends that the court may not use a felony which occurred after the offense at issue as the basis for denying probation pursuant to W.Va.Code § 62–12–2. We agree.

The language of W.Va.Code § 62–12–2 pertinent to the issue raised in this appeal provides:

All persons who have not been previously convicted of a felony within five years from the date of the felony for which they are charged, and who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment, and all persons whether previously convicted or not, who are found guilty of or plead guilty to any misdemeanor, shall be eligible for probation. . . .

■ It is a long held tenet of statutory construction that "[i]n the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meanings." Syllabus Point 3, *Hodge v. Ginsberg*, 172 W.Va. 17, 303 S.E.2d 245 (1983); Syllabus Point 1, *Thomas v. Firestone Tire and Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980); Syllabus Point 1, *Tug Valley Recovery Center v. Mingo County Commission*, 164 W.Va. 94, 261 S.E.2d 165 (1979). *See also State v. Warner*, 172 W.Va. 502, 308 S.E.2d 142 (1983); *State v. Cole*, 160 W.Va. 804, 238 S.E.2d 849 (1977). The common, ordinary meaning of the phrase "date of felony for which they are charged" as used in W.Va.Code § 62–12–2(a) is the date the offense occurred. Accordingly, it is clear from the plain language of the statute that, in order to preclude consideration of probation pursuant to W.Va.Code § 62–12–2(a), a previous felony conviction must relate to an offense which occurred prior to the date of the offense for which sentence is being imposed.

In this case, the felony conviction used as the basis for denying the appellant probation was the arson committed after the disinterment for which the appellant was being sentenced. Because the arson occurred after the disinterment, the trial court is not precluded by W.Va.Code § 62–12–2(a) from considering probation as a sentencing alternative for the disinterment conviction.

---

* The appellant also asserts that error occurred below during voir dire. Upon review of the record, a majority of the Court finds no reversible error on this point.

Although we hold that the trial court erred in interpreting W.Va.Code § 62–12–2(a) as precluding probation in the circumstances of this case, we do not hold that the trial court is required to grant probation. Rather, the matter of probation is within the sound discretion of the trial court. *See* W.Va.Code § 62–12–3 (Cum. Supp.1983); *State ex rel. Simpkins v. Harvey,* 172 W.Va. 312, 305 S.E.2d 268 (1983). We therefore remand this case "in order to give the trial court an opportunity to reconsider the probation question in light of our opinion." *State v. Warner,* 172 W.Va. at 504, 308 S.E.2d at 144.

Reversed and remanded.