# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0459** (Grant County 17-F-50)

**Theresa M. Vanmeter,**
**Defendant Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Theresa M. Vanmeter, by counsel Jason T. Gain, appeals the Circuit Court of Grant County's May 4, 2018, order sentencing her to a total indeterminate term of five to forty-five years of incarceration following her conviction of three counts of possession with intent to deliver a controlled substance, one count of conspiracy to deliver a controlled substance, and one count of criminal child neglect causing substantial risk of death or serious bodily injury. The State of West Virginia, by counsel Caleb A. Ellis, filed a response. Petitioner filed a reply. On appeal, petitioner argues that her prior drug use and drug addiction was an impermissible factor upon which the circuit court based her sentence. Petitioner further argues that the Court should reconsider and overturn Syllabus Point 4 of *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), which states that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, petitioner was indicted on nine separate offenses: three counts of possession with intent to deliver a controlled substance, three counts of conspiracy to deliver a controlled substance, two counts of simple possession of a controlled substance, and one count of child neglect causing substantial risk of death or serious bodily injury.

In March of 2018, petitioner pled guilty to three counts of possession with intent to deliver a controlled substance, one count of conspiracy to deliver a controlled substance, and one count of criminal child neglect causing substantial risk of death or serious bodily injury—

1

totaling five separate offenses. Per the plea agreement, the remaining charges were dismissed and the State would recommend that the sentences run consecutively. The plea agreement was later modified to allow petitioner the ability to argue for probation at sentencing. The circuit court ordered that a presentence investigation report be completed prior to sentencing; the report was completed on March 30, 2018.

The circuit court held a sentencing hearing in April of 2018. Petitioner requested probation and cited her recent nine-month period of sobriety at a sober living facility. The State opposed alternative sentencing based on petitioner's extensive drug use history as revealed in her presentence investigation report, her recent drug-induced seizure while pregnant, and that her five-year-old child was found to be living in a home filled with loaded guns and illegal drugs. The State argued that petitioner's recent sobriety was only due to her arrests.

At sentencing, the circuit court considered information provided in petitioner's presentence investigation report and stated,

> I do appreciate the efforts Mrs. Van[m]eter's made. Sometimes you get a little bit too late. And this—I mean, this information, I have to agree with [the prosecutor]. I was a prosecutor for twenty years; I've been a [j]udge for nine. I've never seen a presentence report like that.

Based partly on petitioner's voluminous drug use history, the circuit court sentenced petitioner to the following terms of incarceration: two terms of one to fifteen years for her convictions of possession with intent to deliver heroin and Dilaudid, one term of one to five years for her conviction of possession with intent to deliver methamphetamine, one term of one to five years for her conviction of conspiracy, and one term of one to five years for her conviction of child neglect which could result in substantial risk of death or serious bodily injury. Further, the circuit court ordered the sentences to run consecutively. The circuit court entered a sentencing order reflecting its decision on May 4, 2018, and it is from this order that petitioner now appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Furthermore, regarding the granting of probation as an alternative to incarceration, "the matter of probation is within the sound discretion of the trial court." *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983).

On appeal, petitioner concedes that her sentences are within the applicable statutory limits, but argues that this Court should find that drug addiction and prior drug use constitute impermissible factors not to be considered at sentencing. In support of this position, petitioner relies upon *Robinson v. California*, 370 U.S. 660 (1962). In *Robinson*, the United States Supreme Court addressed a constitutional challenge to a California statute that made the status of narcotic addiction a criminal offense, "for which the offender may be prosecuted 'at any time before he reforms.'" *Id*. at 666. Ultimately, the United States Supreme Court found that the statute in

question was unconstitutional because imprisoning those afflicted with drug addiction when it was possible that they had "never touched any narcotic drug within the State or been guilty of any irregular behavior there," inflicted a "cruel and unusual punishment in violation of the Fourteenth Amendment." *Id*. at 667.

However, *Robinson* is not applicable because it does not speak to the factors a trial court may consider at sentencing. *Robinson* dealt with the constitutionality of a statute criminalizing addiction, but petitioner does not challenge the validity of the statutes under which her convictions were obtained and concedes that she violated them. *Robinson* simply fails to support petitioner's assertion that an individual's history of drug use may not be considered at sentencing.

Furthermore, we have previously held that a sentencing court may consider a defendant's prior criminal history and rehabilitative potential. *See* syl. pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984) (holding that a sentencing court may consider codefendants' respective involvement in the crime, prior records, rehabilitative potential, and lack of remorse). Here, the circuit court considered petitioner's extensive prior drug use[1] and her non-compliance with previous home incarceration regulations, and found a low likelihood of compliance with alternative sentencing. *Buck* permits consideration of a defendant's prior criminal history, and petitioner's prior drug use was considered as it related to her rehabilitative potential, which is also permissible under *Buck*. Thus, petitioner has failed to demonstrate error, and we find none.[2]

---

[1]Petitioner also argues that the State's estimated figures regarding her past drug use were improper to proffer to the circuit court. However, according to the record, the State's estimated figures were based upon petitioner's admissions within her presentence investigation report that she used illegal drugs daily for many years. Therefore, we do not find the State's estimations improper.

[2]Petitioner argues that the circuit court erred by not giving her the opportunity to "rebut the incorrect statements made by the prosecuting attorney, to argue that [petitioner's] addiction was not a proper sentencing factor, nor did the court give [petitioner] the opportunity to make a statement herself in allocution." However, petitioner completely fails to expound on this argument and thus fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that the brief contain an

> argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Accordingly, we decline to address this issue.

Second, petitioner argues that this Court should reconsider and overturn its holding in Syllabus Point 4 of *Goodnight*. In support of this argument, petitioner asserts several public policy arguments that sentencing among the circuit courts is inconsistent and that the lack of uniformity in sentencing violates a defendant's equal protection and due process rights. Petitioner's counsel anecdotally argues that, in his experience, petitioner would likely have received probation for her convictions if she had been sentenced in another county. However, petitioner's counsel's assertions are purely speculative, and petitioner cites no authority that discretion in sentencing is unconstitutional. Therefore, we decline to overturn our long-standing and often cited holding in Syllabus Point 4 of *Goodnight*, and find petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's May 4, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison