# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0660** (Jefferson County CC-19-2018-F-10)

**Clifton D. Tasker Jr.,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clifton D. Tasker Jr., by counsel Peter A. Pentony, appeals the Circuit Court of Jefferson County's July 13, 2018, order sentencing him to an indeterminate term of five to eighteen years of incarceration for his conviction of second-degree robbery. The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court abused its discretion in imposing a sentence that was disproportionate to his crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the grand jury indicted petitioner on one count of second-degree robbery and one count of conspiracy to commit second-degree robbery. On March 7, 2018, the State offered a plea agreement to petitioner wherein he would plead guilty to second-degree robbery, and in return, the State would dismiss the count of conspiracy to commit second-degree robbery. Further, the State agreed not to seek to enhance petitioner's sentence pursuant to West Virginia Code § 61-11-19 as he had a prior felony conviction. Lastly, there was no agreement regarding sentencing. In June of 2018, petitioner accepted the plea agreement and pled guilty to second-degree robbery.[1] In return, the State dismissed the remaining count of conspiracy to

---

[1]Pursuant to West Virginia Code § 61-2-12(b), a person convicted of second-degree robbery "shall be confined in a correctional facility for not less than five years nor more than eighteen years."

commit second-degree robbery. A presentence investigation report was completed on June 29, 2018, and petitioner filed a motion for probation on July 6, 2018.

On July 9, 2018, the circuit court held a sentencing hearing wherein petitioner testified, in addition to several witnesses who testified on his behalf. The circuit court reviewed the presentence investigation report and heard the arguments of counsel. Ultimately, the circuit court denied petitioner's motion for probation and sentenced petitioner to an indeterminate term of five to eighteen years of incarceration for his conviction of second-degree robbery. The circuit court entered a sentencing order reflecting its decision on July 13, 2018. It is from this order that petitioner now appeals.

On appeal, petitioner argues that his sentence is unconstitutionally disproportionate to his crime.[2] Petitioner asserts that he was "dope sick" and "unarmed" when he committed second-degree robbery and, therefore, the circuit court's imposition of his five-to-eighteen-year prison sentence "shocks the conscience." However, we decline to review the sentence under proportionality principles.[3] Petitioner concedes that his sentence is within the applicable statutory guidelines and he fails to allege that the circuit court relied on an impermissible factor in imposing its sentence. As this Court has long held, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Accordingly, petitioner is not entitled to appellate review.

Regarding the circuit court's denial of petitioner's request for probation, we note that "the matter of probation is within the sound discretion of the trial court." *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983). On appeal, petitioner concedes that the circuit court based its decision upon his "history of increasing crimes and escalating violence," and he acknowledges that "[p]robation is a matter of grace and not a right." Syl. Pt. 1, *State v. Rose*, 156 W. Va. 342, 346, 192 S.E.2d 884, 887 (1972). Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, the circuit court's July 13, 2018, sentencing order is hereby affirmed.

---

[2]"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980).

[3]Petitioner argues that this Court has recognized that the proportionality standards can "theoretically" apply to any sentence. Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). However, petitioner fails to acknowledge the full context of that holding, which provides that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Id.* Because this case does not involve a crime with no fixed maximum punishment or a life recidivist sentence, we find that petitioner is not entitled to appellate review regarding the proportionality of his sentence.

Affirmed.

**ISSUED**:  January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison